UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE ANTONIO JAMES,

        Plaintiff,                      No. 21-10006

v.

                                        Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S AUGUST 15, 2022 REPORT AND RECOMMENDATION [19]**

Plaintiff Willie Antonio James filed this action seeking review of the Commissioner of Social Security's decision denying his application for supplemental security income. The Court referred the matter to Magistrate Judge David R. Grand, who recommends affirming the Commissioner's decision. (ECF No. 19.) Plaintiff has filed four objections to the report, (ECF No. 20), and Defendant has responded to those objections, (ECF No. 21). Having conducted a *de novo* review of the parts of the report that have been objected to, the Court OVERRULES Plaintiff's objections and ACCEPTS and ADOPTS the report and recommendation. Thus, the Court DENIES Plaintiff's motion for summary judgment (ECF No. 16), GRANTS Defendant's motion for summary judgment (ECF No. 17), and AFFIRMS the decision of the Commissioner under 42 U.S.C. § 405(g).

**I.**     **Standard of Review**

    **A.**     *De Novo* **Review of Objections**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.

1

The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

### B.     Substantial Evidence Standard

"This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

## II.    Analysis

Plaintiff makes four objections to the Magistrate Judge's report and recommendation. To the extent Plaintiff repeats many of the same arguments he made before the Magistrate Judge, however, the Court notes it "is not obligated to address

2

objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has reviewed the record and agrees with the Magistrate Judge.

Plaintiff's first two objections relate to the ALJ's finding that there were inconsistences between Plaintiff's statements and the rest of the medical evidence. Plaintiff argues, first, that the ALJ did not provide specific examples of the inconsistencies as she stated she would and the Magistrate Judge instead improperly relied on post-hoc explanations to support the ALJ's finding and, second, that absent any specific examples, the remainder of the record does not support this finding.

The Court agrees, however, with the Magistrate Judge that the ALJ articulated several facts in support of her evaluation of Plaintiff's complaints and that her finding is supported by substantial evidence in the record.  (*See* ECF No. 19, PageID.665-69.)  And because a court may consider any evidence in the record that supports the ALJ's decision, *see Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 786 (6th Cir. 2017), the Magistrate Judge's reliance on evidence that the ALJ herself did not discuss— statements made by Plaintiff to his medical providers suggesting ongoing work activity and certain findings made by Dr. Shelby-Lane—was appropriate, *see id*.  In sum, the Court overrules Plaintiff's first two objections.

Plaintiff's third objection relates to the ALJ's handling of the opinion of Dr. Shelby-Lane, who opined that Plaintiff has frequent limitations with standing and walking.  But as

3

the Magistrate Judge found, this is consistent with the ALJ's ultimate residual functional capacity finding, which includes both a cane requirement and a sit-stand option permitting a change in position every thirty minutes.  (*See* ECF No. 19, PageID.662-65.)  Thus, the Court overrules Plaintiff's third objection.

Finally, Plaintiff objects to the Magistrate Judge's finding that he waived an argument regarding his ability to perform the lifting requirements for a full range of light work.  But Plaintiff had only raised the possibility of this argument in a footnote, (*see* ECF No. 16, PageID.604 n.3), so the Court agrees that it was waived.  Moreover, the Magistrate Judge noted, alternatively, that a limitation to four hours of standing and walking is not inconsistent with frequent lifting or carrying and, thus, the finding of waiver is not dispositive.  (*See* ECF No. 19, PageID.658 n.5.)  Accordingly, the Court overrules Plaintiff's fourth objection.

### III.   Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.  The Court therefore DENIES Plaintiff's motion for summary judgment (ECF No. 16), GRANTS Defendant's motion for summary judgment (ECF No. 17), and AFFIRMS the decision of the Commissioner of Social Security pursuant to § 405(g).

SO ORDERED.

s/Nancy G. Edmunds<br>
Nancy G. Edmunds<br>
United States District Judge

Dated: September 2, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2022, by electronic and/or ordinary mail.

            <u>s/Lisa Bartlett</u>
            Case Manager